J-A28027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :                 PENNSYLVANIA
                                             :
               v.                         :
                                             :
                                             :
SEAN SCHOEN                           :
                                             :
              Appellant                 :     No. 375 MDA 2021

Appeal from the Judgment of Sentence Entered March 4, 2021
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-MD-0000060-2020

BEFORE:    LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:           **FILED FEBRUARY 25, 2022**

Appellant Sean Schoen appeals from the judgment of sentence imposed after he was found in indirect criminal contempt[1] (ICC) of an order entered pursuant to the Protection from Abuse (PFA) Act.[2] Appellant argues that the Commonwealth failed to present sufficient evidence establishing ICC based on testimony from the victim and the investigating officer. We affirm.

The trial court summarized the underlying facts of this matter as follows:

> This matter came before the court for hearing on indirect criminal contempt of a [PFA order] on March 4, 2021. The Court of Common Pleas of Lackawanna County issued [a PFA order] which is docketed [at Docket No. 40668-2020] and is between [the victim,] Alyssa Marie Schoen and [Appellant]. [The victim] and [Appellant] are married but currently separated. The Lackawanna

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114.

[2] 23 Pa.C.S. §§ 6101-6122.

County PFA was in effect on October 9, 2020. On October 9, 2020, despite the PFA being in full force and effect, [Appellant] contacted [the victim] via Facebook, through an account with the name "Sean Sean." [The victim] took a screen shot of the Facebook friend request and forwarded it to the police.

It is worth noting that in or around September of 2020, [Appellant] also violated the PFA order and entered a guilty plea regarding the same. Approximately one (1) week after the instant PFA violation, [the victim] dropped the PFA in Lackawanna County because [the victim] and [Appellant] have children together and she was hoping to get along for the sake of the children. After the PFA was dropped, [the victim] did accept the Facebook friend request from Sean Sean and it was, in fact, [Appellant]. Since the time of dropping the Lackawanna County PFA, a PFA order has been entered in Wyoming County.

Corporal John Zdaniewicz of the Tunkhannock Township Police Department testified that on October 9, 2020[,] he was contacted by [the victim] regarding a PFA violation. [The victim] then went to the station to give Corporal Zdaniewicz a statement and provide him a copy of the screenshot.[3]

Following full hearing in this matter, the court issued an order dated March 4, 2021 finding [Appellant] guilty of indirect criminal contempt. [Appellant] was ordered to pay the cost of prosecution, pay a fine in the amount of three hundred dollars ($300.00) and be committed to the Wyoming County Correctional Facility for a period of seventy-two (72) hours with said period of commitment commencing on April 5, 2021.

Trial Ct. Op., 4/22/21, at 1-2.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion reiterating the basis for Appellant's ICC conviction.

_____

[3] At the hearing, Appellant argued that the Commonwealth failed to present sufficient evidence to establish that he was the individual who sent the Facebook friend request. *See* N.T. PFA Hr'g, 3/4/21, 37-38.

On appeal, Appellant raises the following issues:

1. Did the trial court abuse its discretion as a matter of law in finding that the Commonwealth met its burden of proof in establishing that Appellant violated a PFA order that had previously been in place against him, when the testimony of the complaining witness was insufficient to support Appellant's conviction?

2. Did the trial court abuse its discretion as a matter of law in finding that the Commonwealth met its burden of proof in establishing that Appellant violated a PFA order that had previously been in place against him, when the testimony of the investigati[ng] officer was insufficient to support Appellant's conviction?

Appellant's Brief at 3.

Both of Appellant's claims challenge the sufficiency of the evidence.[4]  In reviewing these issues, we are guided by the following principles:

We review a contempt conviction for an abuse of discretion.  We rely on the discretion of the trial court judge and are confined to a determination of whether the facts support the trial court's decision.  In reviewing whether the evidence was sufficient to support the conviction, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  Finally, the trier of fact[,] while

---

[4] We note that although Appellant raised the instant claims in his Rule 1925(b) statement, he failed to identify which elements he sought to challenge on appeal.  Therefore, we could find Appellant's sufficiency claims waived on that basis.  ***See Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (reiterating that an appellant's Rule 1925(b) statement must state with specificity the element or elements for which the appellant alleges that the evidence was insufficient).  However, because Appellant's challenge to the evidence is clear from the record, we decline to find waiver.

- 3 -

passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This Court has repeatedly stated that "[t]he purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order. A charge of indirect criminal contempt consists of a claim that a violation of an order occurred outside the presence of the court.

In order to establish indirect criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

*Commonwealth v. Felder*, 176 A.3d 331, 333-334 (Pa. Super. 2017) (citations omitted, some formatting altered).

We summarize Appellant's sufficiency claims together. First, Appellant argues that the Commonwealth failed "to prove beyond a reasonable doubt that the Facebook friend request in fact came from Appellant." *Id.* at 11. In support, Appellant asserts that although the victim "stated that she 'knew' the Facebook friend request had come from Appellant," she did not conduct "any other type of information gathering to determine if the Facebook friend request could have possibly come from anyone else other than Appellant, such as contacting Facebook to attempt to learn information about the account holder." *Id.* at 11-12. Further, Appellant argues that because the victim did not reside with him at the time of the alleged violation, "she would not have a way of knowing if anyone other than Appellant had access to his Facebook

account or electronic devices." *Id.* at 12. Therefore, Appellant concludes that the victim's testimony was insufficient to support his conviction. *Id.*

Appellant also argues that Corporal Zdaniewicz's testimony "relied primarily on the victim's statements that the Facebook friend request came from Appellant, and [Corporal Zdaniewicz] did not attempt to contact or interview Appellant about the alleged incident." *Id.* at 14. Further, Appellant contends that Corporal Zdaniewicz never attempted to gather any information to confirm whether the Facebook account belonged to Appellant. *Id.* Therefore, Appellant concludes that the "social media evidence in this case [was] not properly authenticated, as demonstrated through the insufficient testimony of Corporal Zdaniewicz, such that Appellant's conviction was not supported by the evidence offered." *Id.*

Here, the trial court addressed Appellant's ICC conviction, in part, as follows:

> The PFA order specifically states, "[Appellant] shall not contact [the victim], or any other person protected under this order, by telephone or by any other means, including through third persons." The testimony was clear that an individual with the name Sean Sean with a profile picture resembling [Appellant] sent a Facebook friend request to [the victim] while an active PFA order was in place. [The victim] further testified that after dropping the PFA order, she accepted the Facebook friend request from Sean Sean and it was in fact [Appellant].

Trial Ct. Op. at 2-3.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Felder*, 176 A.3d at 333. At the PFA hearing, the victim

testified that she received a friend request from a Facebook account that used a photo of Appellant as the profile picture. *See* N.T. PFA Hr'g at 13. The victim also stated that she knew Appellant used his phone and laptop to access Facebook, and that he did not allow other people to use either of those devices. *See id.* Moreover, the victim testified that after she accepted the friend request from "Sean Sean," Appellant changed his Facebook name back to "Sean M. Schoen" and then used the account to send messages to the victim about their children. *See id.* at 33.

Under these circumstances, we agree with the trial court that the victim's testimony was sufficient to prove that Appellant was the individual who sent her a Facebook friend request, which violated the terms of the PFA order.[5] *See Felder*, 176 A.3d at 333-34; *see also Commonwealth v. Johnson*, 180 A.3d 474, 479-81 (Pa. Super. 2018) (reiterating that it is the factfinder who is responsible for determining the credibility of witnesses, and the credible testimony of one witness can be sufficient to sustain a conviction); *Commonwealth v. Brumbaugh*, 932 A.2d 108, 109-10 (Pa. Super. 2007) (stating that "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence"). Accordingly, Appellant is not entitled to relief.

---

[5] Because we conclude that the victim's testimony was sufficient to establish Appellant's identity as the sender of the Facebook messages, we do not discuss Appellant's claim that Corporal Zdaniewicz's testimony was "insufficient" or that the "social media evidence" was not properly authenticated.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2022